UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| Lisa Marie Fox | Chapter 7 |
| Debtor. | Case No. 08-57624-mbm |
| | Hon. Marci B. Mclvor |

------------------------------------------------------------------------------------------------------------------ /

| | |
|---|---|
| Kimberly Ross Clayson (P69804) | Robin D. Stephens (P58046) |
| Schneider Miller, P.C. | Robin D. Stephens, PLLC |
| Attorney for the Trustee | Attorney for Debtor |
| 645 Griswold, Suite 3900 | 220 E. Huron St., Ste. 110 |
| Detorit, MI 48226 | Ann Arbor, MI 48104 |
| (313) 237-0850 | (734) 622-0192 |

**BRIEF IN SUPPORT OF DEBTOR'S RESPONSE TO
TRUSTEE'S OBJECTIONS TO DEBOTR'S AMENDED OBJECTIONS**

Lisa Marie Fox, by and through her attorney, Robin D. Stephens, states as follows:

Debtor, Lisa Marie Fox, by and through her attorney, Robin D. Stephens, stipulate to the background statements made by the Trustee in his Brief in Support of the Trustee's Objections to Debtor's Amended Objections with the added statement that at the time that Debtor filed her petition for chapter 7 bankruptcy relief on July 22nd, 2008 the schedules and statements were signed by the Debtor stating under oath that they were truthful, accurate and complete, to the best of her knowledge at the time that she signed them.

**Argument**

1. **Debtor's exemptions in both annuities should be allowed for the reason that mistakes were made in the schedules exempting them as retirement annuities that may be exempted pursuant to Mich. Comp. Laws § 600.545(1)(1) instead of properly exempting them pursuant to 11 U.S.C.A. § 522 (d)(5) - the wildcard exemption.**

11 U.S.C.A. § 522 (d)(5) allows and exemption for the debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount of the exemption provided under paragraph (1) of this subsection. The total combined amount of the Debtor's two annuities, at the time of filing of the chapter 7 bankruptcy schedules,

1

was $10,987.05, which was $212.95 less than the amount allowed per this statute. Thus had the exemption been properly cited on the schedules these annuities would have been properly allowed to be exempted without question.

**2. Debtor's exemption in the American Century Investments annuity should be allowed as the Debtor disclosed this annuity to the Trustee, by providing documentation of a recent statement as soon as she became aware of its existence.**

Debtor did not act in bad faith by failing to disclose an asset. As soon as Debtor became aware of the asset she immediately included a copy of the most recent statement with her trustee documents. Once debtor was clear on the documents that were needed to be provided to the Trustee, after her 341 creditors meeting, she immediately began to assemble those documents. In the course of assembling those documents she learned from her mother that an annuity had been opened in her name, without her knowledge, and the statement for that annuity was being sent directly to her mother's home address. Prior to this Debtor had no knowledge that this annuity existed, nor did she know the value of the annuity.

In looking at the totality of the circumstances it clear that Debtor did not act in bad faith by failing to disclose this asset in the initial schedules filed with her bankruptcy petition. Debtor did fail to submit to the Trustee financial documents that were required for the meeting of the creditors but was allowed to provide those immediately after the meeting, which she did. In her effort to assemble those documents was when she discovered that she had this additional annuity which her mother had opened in her name.

**Conclusion**

For the reasons set forth above, the Debtor's exemptions in the two annuities should be allowed under 11 U.S.C.A. § 522 (d)(5) – the wildcard exemption and no finding of bad faith should be found.

WHEREFORE Debtor prays that this court will deny Trustee's objection to Debtor's Amended Objections.

Dated: November 18, 2008                    /S/ Robin D. Stephens
                                            Robin D. Stephens (P58046)
                                            Robin D. Stephens, PLLC
                                            Attorney for Debtor
                                            220 E. Huron St., Suite 110
                                            Ann Arbor, MI 48104
                                            (734) 222-6620